IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

CRYSTAL MCDANIEL                                                     PLAINTIFF

vs.                                Civil No. 2:22-cv-02111

COMMISSIONER, SOCIAL
SECURITY ADMINISTRATION                                    DEFENDANT

**MEMORANDUM OPINION**

Crystal McDaniel ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 6. Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

1. **Background:**

Plaintiff filed her disability applications on March 29, 2016. (Tr. 529-541).[1] In her applications, Plaintiff alleges being disabled due to depression, bipolar disorder, anxiety, post-traumatic stress disorder (PTSD), insomnia, heel spurs, migraines, and hand and back arthritis. (Tr.

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ___." The transcript pages for this case are referenced by the designation "Tr." and refer to the document filed at ECF No. 11. These references are to the page number of the transcript itself not the ECF page number.

598). Plaintiff alleged an onset date of January 1, 2011. (Tr. 11). Plaintiff's applications were denied initially and again upon reconsideration. (Tr. 86-116, 156-269).

Plaintiff requested an administrative hearing on her denied applications, and this hearing request was granted. (Tr. 323-348). Following Plaintiff's initial administrative hearing, the ALJ entered an unfavorable decision on June 28, 2018. (Tr. 251-264). The Appeals Council then remanded this matter for further consideration. (Tr. 272-275).

Plaintiff had a second administrative hearing, after which the ALJ found Plaintiff not disabled in a decision dated July 15, 2020. (Tr. 276-306). Plaintiff then requested review of this decision and the Appeals Council remanded the matter for consideration of medical opinion evidence consistent with the regulations for applications filed prior to March 27, 2017. (Tr. 307-311).

Plaintiff's third administrative hearing was held on July 14, 2021. (Tr. 58-85). At this hearing, Plaintiff was present, and represented by Andrew Youngman. *Id.* Plaintiff and Vocational Expert ("VE"), Debra Steele testified at the hearing. *Id.*

Following the administrative hearing, on August 10, 2021, the ALJ entered an unfavorable decision. (Tr. 11-30). In this decision, the ALJ determined Plaintiff met the insured status of the Act through June 30, 2016. (Tr. 14, Finding 1). The ALJ also found Plaintiff had not engaged in substantial gainful activity ("SGA") since January 1, 2011. (Tr. 14, Finding 2).

The ALJ determined Plaintiff had the severe impairments of chronic low back pain syndrome, degenerative disc disease at L5- S1, osteoarthritis, heel spurs, migraine headaches, obesity, depression, anxiety, and PTSD. (Tr. 14, Finding 3). Despite being severe, the ALJ determined those impairments did not meet or medically equal the requirements of any of the Listings of Impairments in 20 CFR Part 404, Subpart P, Appendix 1 ("Listings"). (Tr. 14, Finding 4).

The ALJ considered Plaintiff's subjective complaints and determined her RFC. (Tr. 16-26). The ALJ evaluated Plaintiff's subjective complaints and found the claimed limitations were not entirely consistent with the medical evidence and other evidence in the record. *Id.* The ALJ also determined Plaintiff retained the RFC to perform sedentary work except she was limited to simple tasks with no detailed or complex instructions, tasks that could be learned and performed by rote with few variables and little judgment, interpersonal contact that was only incidental to the work performed, and supervision must be simple, direct, and concrete. *Id.*

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 26, Finding 6). The ALJ determined Plaintiff was not capable of performing her PRW. *Id.* However, the ALJ found there were jobs in significant numbers in the national economy that Plaintiff could perform. (Tr. 27, Finding 10). With the help of the VE, the ALJ found Plaintiff could perform the representative occupations of (1) addressing clerk with approximately 27,475 jobs in the nation, (2) document preparer with approximately 82,008 jobs in the nation, and (3) surveillance systems monitor with approximately 22,190 jobs in the nation. *Id.* Based upon this finding, the ALJ determined Plaintiff had not been disabled from January 1, 2011, through the date of the decision. (Tr. 29, Finding 11).

On July 13, 2022, Plaintiff filed the present appeal. ECF No. 1. Both Parties have filed appeal briefs. ECF Nos. 13, 15. This case is now ready for decision.

2. **<u>Applicable Law:</u>**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the

Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can

perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3. **Discussion:**

In her appeal brief, Plaintiff claims the ALJ's disability decision is not supported by substantial evidence in the record. ECF No. 13. In making this claim, Plaintiff raises the following arguments for reversal: (A) the ALJ erred in the RFC determination, (B) the ALJ did not resolve a conflict between the VE testimony and Step 5 jobs identified, and (C) the ALJ did not properly address vocational evidence. *Id.* In response, Defendant argues the ALJ did not err in any of his findings. ECF No. 15.

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

The Court has reviewed the entire transcript and the parties' briefs. For the reasons stated in the ALJ's well-reasoned opinion and in the Government's brief, the Court finds Plaintiff's

arguments on appeal to be without merit and finds the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed and Plaintiff's Complaint is dismissed with prejudice. *See Sledge v. Astrue*, 364 Fed. Appx. 307 (8th Cir. 2010) (district court summarily affirmed the ALJ).

**4.     Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence, and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 12th  day of May 2023.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE